# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAULA ARRIETTA,

       Plaintiff,

v.                                              No. 1:19-cv-00055-KG-LF

UNITED STATES OF AMERICA,
Acting U.S. Attorney General Matthew G. Whitaker, and
STATE OF NEW MEXICO,
New Mexico Attorney General Hector Balderas,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed January 18, 2019, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 18, 2019. For the reasons stated below, the Court will **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction and **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs as moot. The Court will also deny the pending Motions to Join, Doc's 4-17, 19-27, 29-34, filed January 28, 2019 - June 18, 2019, as moot.

**The Complaint**

Plaintiff alleges that the guidelines for prescription drugs, including opioids, issued by the Centers for Disease Control ("CDC") are "insufficient to treat those suffering from chronic pain" and that "the Federal governments [sic] and its entities (*inter alia* CDC, DEA, FDA, HHA, VA)" and "numerous state governments and their entities (medical boards, licensing boards, law enforcement agencies," "have implemented a series of policies and legislative acts" which violate the Fifth Amendment. Complaint at 7, 9. Plaintiff states that such policies and legislation "are

discriminatory in nature and harmful (potentially deadly) to the American people and to veterans who suffer from Chronic Pain Disease or Intractable Pain Disease (*inter alia* the elderly, cancer patients, the disabled, minorities, and impoverished communities throughout America)." Complaint at 27. Plaintiff seeks protection from those policies and legislation for "the multitude of innocent Americans suffering from these archaic policies" stating:

> The Administrative Procedure Act gives the Judiciary Branch oversight on government agencies (VA, CDC, FDA, DEA, *et cetera*), to ensure the policies and rules they make are in the best interest for all Americans. These policies are violations of our Bill of Rights and International Treaties signed and ratified by the United States thus providing Jurisdiction within the Federal Courts to protect American citizens from abuses by these agencies, the Constitutional violations and criminal acts by an overzealous Legislative Branch.

Complaint at 26-28.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff states that the "Administrative Procedure Act ["APA"] gives the Judiciary Branch oversight on government agencies (VA, CDC, FDA, DEA, *et cetera*)." Complaint at 28. Exhaustion of administrative remedies "applies to actions under the APA to the extent that it is required by statute or by agency rule as a prerequisite to judicial review." *Assoc. of American Physicians v. FDA*, 358 Fed.Appx. 179, 180-181 (D.D.C. 2009) (quoting *Darby v. Cisneros*, 509

U.S. 137, 147 (1993)); *see also Hettinga v. United States*, 560 F.3d 498, 503 (D.D.C. 2009) ("where Congress has not clearly required exhaustion, sound judicial discretion governs". . . Prudential exhaustion, in turn, 'serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency;'") (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144-145 (1992)). Exhaustion of administrative remedies is required for certain actions against some of the agencies Plaintiff has identified. *See Assoc. of American Physicians v. FDA*, 358 Fed.Appx. 179, 180-181 (D.D.C. 2009) (FDA regulations "require that a request that the Commissioner take or refrain from taking any form of administrative action must first be the subject of a final administrative decision based on a petition . . . or . . . a hearing . . . before any legal action is filed in a court"); *Harline v. Drug Enforcement Agency*, 148 F.3d 1199, 1202 (10th Cir. 1998) (stating "[t]he DEA obviously has not waived exhaustion here"); *BP Care v. Thompson [Secretary, U.S. Dep't of Health and Human Services]*, 6th Cir. (2005) (exhaustion of administrative remedies required for claims arising under the Medicare Act); *Helman v. Dep't of Veterans Affairs*, 856 F.3d 920, 937 (Fed. Cir. 2017) (stating "[t]he doctrine of exhaustion of administrative remedies, which provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted,' is well established in the jurisprudence of administrative law") (quoting *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006)).

Plaintiff states "State and Federal Government attorneys['] first line of defense in getting this complaint dismissed will most assuredly be a claim and numerous legal precedents indicating the plaintiffs have not exhausted all Administrative Procedures for Redress of Grievances." Complaint at 20. Plaintiff then discusses how "numerous groups and individuals have completed the limited 'open comments' periods provided by" various federal agencies, and concludes that:

> organizational failures to act in good faith may reasonably be regarded as a
> deliberate and intentional policy of stonewalling and denial of redress for

> grievances. As a result of this stonewalling, the following comments by Dr. Richard Lawhern are provided as evidence that the Chronic Pain Community and Professional Advocate Organizations have exhausted all Administrative Procedures for Redress of Grievances.

Complaint at 20-26.

Plaintiff has not shown that she herself has exhausted administrative remedies and instead suggests that exhaustion should be excused because the administrative remedies would be futile. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1169 (10th Cir. 2012) ("Exhaustion is excused when administrative remedies would be futile, when they would fail to provide relief, or when an agency has adopted a policy or pursued a practice of generally applicability that is contrary to the law") (internal quotation marks and citation omitted).

> The futility exception, however, is a narrow one; to fit within the futility exception, a plaintiff must show that resort to the administrative process would be clearly useless . . . this court has explicitly rejected the position that it is futile to lodge an objection before an administrative body simply because the body has precedent which contradicts the party's position . . . As the Supreme Court explained in *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 73 . . . (1952), we require an individual to seek relief from an agency as a matter of simple fairness even when the agency is unlikely to grant the relief requested because courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice . . . Requiring exhaustion of such claims allows agencies to take into account the specific facts of each matter . . . and to change course if appropriate.

*Gilmore v. Weatherford*, 694 F.3d at 1169 (internal quotation marks and citation omitted).

Plaintiff has not met her burden of alleging facts that support jurisdiction because she has not alleged that she exhausted the administrative remedies applicable to each of federal agencies for which she seeks judicial review, and has not shown that administrative remedies would be futile.

Plaintiff has also not shown that the Court has jurisdiction over her claims against the State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen

from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. Plaintiff has not shown that Congress has abrogated the State of New Mexico's Eleventh Amendment immunity or that the State of New Mexico has waived its Eleventh Amendment immunity. The APA does not apply to state agencies. *See* 5 U.S.C. § 704, Actions reviewable ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review"); 5 U.S.C. § 701(b)(1), Application; definitions ("'Agency' means each authority of the Government of the United States").

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's Application to proceed *in forma pauperis* and the pending Motions to Join as moot.

**IT IS ORDERED** that:

(i)     this case is **DISMISSED without prejudice;** and

(ii)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 18, 2019, is **DENIED as moot.**

5

(iii)     The pending Motions to Join, Doc's 4-17, 19-27, 29-34, filed January 28, 2019 -

June 18, 2019, are **DENIED as moot.**

**UNITED STATES DISTRICT JUDGE**